**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CHARLTON WOODYARD, SR, <br> AND LUXORY 4 LESS <br>     Plaintiff, <br> v. <br> CHARLES L. HARPER SR., <br> AND 1244 H Street NE 20002, <br>     Defendant. | Case: 1:16-mc-00135 (CKK) |

**MEMORANDUM OPINION**
(February 18, 2016)

This matter is before the Court on *pro se* Plaintiff's filing of a document entitled "Plaintiff Affidavit of Truth and Undisputable Facts" ("Plaintiff's Affidavit" or "Plaintiff's Complaint").[1] Plaintiff's Affidavit has been docketed by the Clerk of the Court as an initial filing—and as of the date of this Memorandum Opinion, the only filing—in a new miscellaneous action. *See* ECF No. [1]. However, it appears to the Court that Plaintiff's Affidavit is properly considered as a *complaint* commencing a *civil action*, as Plaintiff's Affidavit contains a caption that explicitly identifies a plaintiff, Charlton Woodyard, Sr., and a defendant, Charles L. Harper Sr.,[2] and also describes a set of factual circumstances in numbered paragraphs. *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."); Fed. R. Civ. P. 7(a) (identifying a

---

[1] The caption in Plaintiff's Affidavit also contains the language, "Affidavit of Fraud and False Statements Against All Defendants, Pursuant to 26 U.S. Code 7296(1), (2), (30,(4) AND (5)(A), (B)."

[2] The caption also names "Luxory 4 Less" as a plaintiff and "1244 H Street NE 20002" as a defendant. Additionally, the caption references a purported DC Superior Court case numbered 2015-DHCD-DR-00018. However, the Court could not locate any such case when it reviewed the DC Superior Court's public docket.

complaint as one of seven pleadings allowed in a civil action). *See also See* Fed. R. Civ. P. 10 (requiring a pleading to contain a caption, the party's names, and a statement of claims in numbered paragraphs).

Upon review of *pro se* Plaintiff's Affidavit—which the Court has construed as a complaint—the Court (1) concludes, pursuant to Federal Rule of Civil Procedure 12)(h)(3), that this Court does not have subject matter jurisdiction to consider Plaintiff's Complaint, because Plaintiff's filing has not met the "case or controversy" requirements under the United States Constitution, and (2) concludes, pursuant to Federal Rules of Civil Procedure 8(a) and (12)(b)(6), that Plaintiff's Complaint fails to state a claim upon which relief can be granted. Accordingly, the Court shall dismiss Plaintiff's case without prejudice.

If Plaintiff elects to file a new complaint, Plaintiff should file a complaint that meets the requirements set forth in the Federal Rules of Civil Procedure, and Plaintiff should pay the filing fee of $400 or file an application for a fee waiver.

## I. BACKGROUND

As stated in Plaintiff's Affidavit, Plaintiff Charlton E. Woodyard resides at 1244 H Street NE, Washington, D.C. 20002. Pl.'s Affidavit at 1. On April 1, 2005, Plaintiff, acting as the "Authorized Agent on behalf of Luxury4Less," entered into a 45-year lease with Defendant lessor Charles L. Harper Sr. on April 1, 2005, for the property known as 1244 and 1246 H Street NE, Washington, D.C. 20002. Pl.'s Affidavit ¶ 1. Plaintiff's Affidavit asserts that the property is zoned as a "mixed use" property, which affords the owner the right to rent the property to either commercial tenants or residential tenants or both. *Id.* ¶ 2. Plaintiff's Affidavit alleges that Defendant prepared the lease in "full knowledge that the second floor had previously been used as a residential accommodation for his daughter," and that Defendant received the "full rents for the

property and according to the lease there is no designation requiring separate receipts from each of the two floor (sic)." *Id.* ¶ 3, 4.  The Affidavit further asserts that Plaintiff applied for and received a "Basic Business License" designating the property known as 1244 H Street NE for residential housing.  *Id.* ¶ 7.  The Affidavit then references a sales brochure that was allegedly "published with the approval and input" of the Defendant, which Plaintiff contends is further evidence of the "property's functional duality and desirable mixed use designation." *Id.* ¶ 8.  The final paragraph of the Affidavit—titled "Investment Overview Investment Highlights"—contains a description of the property, which advertises it as a "Second Story Office Renovated as Two Bedroom Apartment in 2010." *Id.* ¶ 8.  The Affidavit concludes with a statement that "the Tenant shall receive $1,205,306.67 as benefit of the signed lease with Charles L. Harper Sr."

## II. LEGAL STANDARD

A. Dismissal For Lack Of Subject Matter Jurisdiction under Rule 12(h)(3)

As courts of limited jurisdiction, federal courts must assure themselves of jurisdiction over any controversy they hear.  *See Noel Canning v. NLRB*, 705 F.3d 490, 496 (D.C. Cir. 2013).  For that reason, doubts about "subject matter jurisdiction may be raised at any time, even by the court *sua sponte*." *Jerez v. Republic of Cuba*, 777 F.Supp.2d 6, 15 (D.D.C. 2011); *see also G. Keys PC/Logis NP v. Pope*, 630 F. Supp. 2d 13, 15 (D.D.C. 2009) ("When it perceives that subject matter jurisdiction is in question, the Court should address the issue *sua sponte*.").  Moreover, under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

In assessing its jurisdiction pursuant to Rule 12(h)(3), the court "must accept as true all of the factual allegations contained in the complaint[,]" *Brown v. District of Columbia*, 514 F.3d 1279, 1283 (D.C. Cir. 2008) (citation omitted), and "the allegations of the complaint should be

3

construed favorably to the pleader." *New York v. Microsoft Corp.*, 209 F. Supp. 2d 132, 138 n.6 (D.D.C. 2002) (citation omitted).

Although *pro se* complaints must be liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), *United States v. Byfield*, 391 F.3d 277, 281 (D.C. Cir. 2004), this "benefit is not [ ] a license to ignore the Federal Rules of Civil Procedure." *Sturdza v. United Arab Emirates*, 658 F .Supp. 2d 135, 137 (D.D.C. 2009). Rather, even a *pro se* plaintiff must meet his burden of proving that the Court has subject matter jurisdiction over the claims, including when the court raises the issue *sua sponte*. *Fontaine v. JPMorgan Chase Bank, N.A.*, 42 F. Supp. 3d 102, 106 (D.D.C. 2014).

B. Dismissal For Failure to State a Claim under Rules 8(a) and 12(b)(6)

"Ordinarily, the sufficiency of a complaint is tested by a motion brought under Rule 12(b)(6), which tests whether a plaintiff has properly stated a claim" upon which relief can be granted. *Bauer v. Marmara*, 942 F. Supp. 2d 31, 37 (D.D.C. 2013). However, if the complaint's failure to state a claim for the purpose of Rule 12(b)(6) "is patent, 'it is practical and fully consistent with plaintiffs' rights and the efficient use of judicial resources' for the court to act on its own initiative and dismiss the action." *Id.* (citation omitted); *see also Baker v. Dir., U.S. Parole Comm'n*, 916 F.2d 725, 726 (D.C. Cir. 1990).

Moreover, under Rule 8(a), a court is authorized to dismiss a complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In order to meet the requirements set forth by Rule 8(a), a complaint must contain, at minimum, "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" *See* Fed. R. Civ. P. 8(a). "The purpose of the rule is to give fair notice of the claim

being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Complaints submitted by plaintiffs proceeding *pro se* are reviewed by the court under "less stringent standards than formal pleadings drafted by lawyers." *Kerner*, 404 U.S. at 520. However, the "procedural rules must be followed nonetheless, and district courts have discretion to dismiss a pro se plaintiff's complaint sua sponte for non-compliance." *Fontaine*, 42 F. Supp. 3d at 107. Furthermore, a *pro se* complaint must still plead " 'factual matter' that permits the court to infer more than the 'mere possibility of misconduct.' " *Jones v. Horne*, 634 F.3d 588, 596 (D.C. Cir. 2011) (citation and internal quotations omitted).

### III. DISCUSSION

As explained above, Plaintiff's Affidavit states that he should receive $1,205,306.67 as a benefit of a lease between Plaintiff and Defendant Charles L. Harper, Sr. Plaintiff's Affidavit, however, does not contain any allegations that Plaintiff has suffered an injury, or that Defendant has committed any wrongdoing. In the absence of any such allegations, this Court does not have subject matter jurisdiction, because no "case or controversy" exists under the United States Constitution, Article III, Section 2. *See* U.S. Const. Art. III, § 2; *see also Ravulapalli v. Napolitano*, 840 F. Supp. 2d 200, 204 (D.D.C. 2012) ("The case or controversy requirement 'means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant[.]" (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). Accordingly, the Court shall dismiss Plaintiff's case for lack of jurisdiction pursuant to Rule 12(h)(3). *See* Fed. R. C. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Moreover, because Plaintiff's Affidavit contains no allegations that Defendant has committed any wrongdoing, his Affidavit also fails to meet Rule 8(a)'s requirement that the complaint contain a "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" *See* Fed. R. Civ. P. 8(a). At most, Plaintiff's Affidavit permits the Court to infer a "mere possibility of misconduct" by Defendant, which is insufficient to meet the pleading standards set forth for *pro se* plaintiffs. *Jones v. Horne*, 634 F.3d at 596. Accordingly, the Court shall dismiss Plaintiff's case for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6).

## IV. CONCLUSION

For the foregoing reasons, the Court shall dismiss Plaintiff's case without prejudice. If Plaintiff elects to file a new complaint, Plaintiff should file a complaint that meets the requirements set forth in the Federal Rules of Civil Procedure, and Plaintiff should pay the filing fee of $400 or file an application for a fee waiver.

An appropriate Order accompanies this Memorandum Opinion.

  */s/*  
**COLLEEN KOLLAR-KOTELLY**  
UNITED STATES DISTRICT JUDGE